Shirley WILLIAMS, Plaintiff–
Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.

No. 06–2019–cv.

United States Court of Appeals,
Second Circuit.

April 24, 2007.

642

Shirley Williams, pro se, Rochester, New York, for Appellant.

Terrance P. Flynn, United States Attorney for the Western District of New York, Barbara L. Spivak, Chief Counsel, Social Security Administration, Region II, Stephen P. Conte, Supervisory regional Counsel (of Counsel), Susan C. Branagan, Special Assistant United States Attorney, Rochester, New York, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Shirley Williams, *pro se*, appeals the judgment of the United States District Court for the Western District of New York (David G. Larimer, Judge) entered on April 4, 2006, granting the motion for judgment on the pleadings by the defendant-appellee, Commissioner of the Social Security Administration (the "Commissioner"), and dismissing her complaint challenging the Commissioner's denial of her application for Social Security Disability Insurance ("SSDI") and Social Security Income ("SSI") benefits under the Social Security Act. We assume the parties' familiarity with the facts and the issues on appeal.

On appeal, Williams argues that: (1) she is significantly disabled; (2) the Commissioner improperly based the denial of benefits on one examination by an agency doctor; (3) the Commissioner failed to consider reports from her treating physician, Dr. Pierce; (4) there was evidence of psychological disability; and (5) there is new evidence, in the form of the report of her May 2004 lumbar myelogram, that Williams has "[e]pidural lipomatosis resulting in multilevel central canal stenosis.... The most significant level is at L5/S 1 where there is severe central canal stenosis and bilateral facet disease."

This case presents the following two issues: (1) whether the Commissioner's decision was supported by substantial evidence; and (2) whether the case should be remanded for the Commissioner to review the record in light of the new evidence.

This Court reviews district court orders granting motions to dismiss pursuant to Fed. R. Civ. P. 12(c) *de novo*. *See Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir.2003). When reviewing determinations made by the Social Security Commissioner, this Court conducts a plenary review of the administrative record. *See Schaal v.*

*Apfel,* 134 F.3d 496, 501 (2d Cir.1998). This Court may only set aside the Commissioner's decision if the factual findings are not supported by substantial evidence, or if incorrect legal standards were applied. *See Bubnis v. Apfel,* 150 F.3d 177, 181 (2d Cir.1998). "Substantial evidence" means "such relevant evidence as [a] reasonable mind might accept as adequate to support a conclusion." *Jasinski,* 341 F.3d at 184 (internal quotations omitted).

In this case, there was substantial evidence in the record to support all of the administrative law judge's ("ALJ") factual findings. A determination of disability is based on a five-step analysis set out in the regulations. Step one asks if the claimant is currently engaged in "substantial gainful activity." Step two asks if the claimant's impairment is "severe." Step three asks if the impairment appears in the "Listing of Impairments," 20 C.F.R. Part 404, Subpart P, App. 1. Step four asks if the claimant can still do "past relevant work." Step five asks if the claimant "can make an adjustment to other work," with reference to the "Medical Vocational Guidelines" ("the Grids"), 20 C.F.R. Part 404, Subpart P, App. 2, Tables 1–3. See 20 C.F.R. § 404.1520(a)(4)(SSD); 20 C.F.R. § 416.920(a)(4)(SSI). The claimant bears the burden on steps one to four, the Commissioner on step five. *See Butts v. Barnhart,* 388 F.3d 377, 383 (2d Cir.2004).

■ The ALJ determined that Williams had satisfied steps one and two. With respect to step three, no challenge has been raised to the ALJ's finding that Williams's impairments are not listed in the Listing of Impairments. Moreover, a review of the listing reveals no error in the ALJ's finding. *See* 20 C.F.R. Part 404, Subpart P, App. 1. As to step four, there is evidence in the form of medical reports, by state agency physicians, to demonstrate that Williams had the capacity to perform her past relevant work as a short order cook, which was semi-skilled light work. Light work involves a good deal of walking or standing, some pushing or pulling, lifting no more than 20 pounds, and carrying 10 pounds. *See* 20 C.F.R. § 404.1567(b). The record indicates that: (1) Dr. Miller reported that Williams could lift up to 25 pounds and could stand or walk for six hours in an eight-hour day, and had no pushing, pulling, or other limitations; (2) Dr. Cosby found that Williams could walk, bend, stand, and lift and use her hands for fine or gross motor activity; (3) Dr. Balderman reported that Williams has mild to moderate limitations in walking, standing, kneeling, bending, and climbing stairs, but could lift and carry up to 20 pounds; and (4) Dr. Dale found that Williams could lift and carry up to 20 pounds, could stand, walk or sit for up to six hours in an eight-hour day, and had no pushing or pulling limitations. Although all four of these doctors were state agency physicians, all of them, with the exception of Dr. Miller, based their opinions on actual examinations.

■ Given the opinions of these doctors and the numerous MRI reports, which demonstrated the lack of objective physical evidence to support Williams's claim of incapacitating pain, the ALJ's refusal to give controlling weight to the opinion of Dr. Pierce, Williams's treating physician, was not improper. Pursuant to 20 C.F.R. § 404.1527(d)(2), the opinion of a treating physician as to the nature and severity of an impairment is entitled to controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." However, "the opinion of the treating physician is not afforded controlling weight where ... the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical

experts." *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir.2004); *see also Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir.2002). The ALJ was not required to give Dr. Pierce's report controlling weight because Dr. Pierce's conclusions, that Williams could not carry more than 10 pounds or stand or walk more than 2 hours per day, were inconsistent with the opinions of four other doctors.

■ To the extent that Williams claims on appeal that the ALJ erred because of her mental impairment, Williams did not submit any evidence, other than a record of an initial interview at St. Mary's, to support her position. Although the St. Mary's records indicate that Williams had a depressive disorder, alcohol dependence, and a personality disorder, the St. Mary's personnel refused to assess Williams's ability to work on the grounds that they lacked sufficient knowledge of her condition. Because the only evidence of Williams's mental impairment was Dr. Thomassen's report, which concluded that Williams did not have a psychiatric disability and was not psychologically limited in her ability to work, there is substantial evidence to support the ALJ's findings.

■ Although the ALJ's determination was supported by substantial evidence, the proceeding is remanded for consideration of the new evidence. With the exception of Dr. Rodenhouse's report regarding the lumbar myelogram and the record of his statements to the state agency that Williams's ability to work was very limited, all of the other submissions to the District Court were part of the administrative record and, thus, are not new evidence. With respect to the myelogram and Dr. Rodenhouse's opinion, however, the District Court erred in finding that remand was not required because the myelogram postdated the period for which benefits had been claimed. *See Pollard v. Halter,* 377 F.3d 183, 193 (2d Cir.2004).

The district court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). New evidence is considered material if (1) it is "relevant to the claimant's condition during the time period for which benefits were denied," (2) it is "probative," and (3) there is "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Pollard,* 377 F.3d at 193 (quoting *Tirado v. Bowen,* 842 F.2d 595, 597 (2d Cir.1988)). In *Pollard,* this Court held that medical evidence generated after an ALJ's decision could not be deemed irrelevant solely because of timing, explaining that subsequent evidence of the severity of a condition suggests that the condition may have been more severe in the past than previously thought. 377 F.3d at 193. Because the myelogram report provides objective evidence of Williams's condition and because, in denying relief, the ALJ specifically pointed out that Williams had failed to have the procedure and indicated that there was insufficient evidence to support Williams's allegations of incapacitating pain, the evidence appears to be both probative and material. In the event that the results of the myelogram support Williams's claims, there is a reasonable possibility that the results could affect the ALJ's decision. *Id.*

For the reasons set forth above, the case is REMANDED to the District Court with instruction to remand to the Commissioner for consideration of the new evidence in conjunction with the administrative record.