10-2272-cv
Williams v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> PETER W. HALL,
> > *Circuit Judges*.

───────────────────────────────────────

Shirley Williams,

> *Plaintiff-Appellant*,

> v.                                             10-2272-cv

Commissioner of Social Security,

> *Defendant-Appellee*.

───────────────────────────────────────

FOR APPELLANT:          Shirley Williams, *pro se*, Rochester, NY.


FOR APPELLEES:          Kathleen M. Mehltretter, United States Attorney; Tracy Udell, Special Assistant United States Attorney, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Shirley Williams, *pro se*, appeals the district court's grant of the Commissioner's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, upholding the Commissioner's partially-favorable determination that Williams was not disabled from May 23, 1998, the date she alleged disability, through May 11, 2004. Liberally construing her brief, Williams challenges the administrative law judge's ("ALJ") onset finding. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In Williams's prior appeal, we held that substantial evidence supported the ALJ's June 2003 determination that she was not disabled, but that new evidence, namely, a May 2004 myelogram that revealed that Williams was suffering from spinal epidural lipomatosis ("SEL"), was material and probative; thus, remand was warranted so that the Commissioner could consider the record in light of the new evidence. *See Williams v. Comm'r of Soc. Sec.*, 236 F. App'x 641 (2d Cir. 2007) (summary order). Upon remand, an ALJ rendered a partially favorable decision, determining that Williams was not disabled on the date she alleged, May 23, 1998, but that she became disabled on May 11, 2004, the date the myelogram revealed a diagnosis of SEL. The principal issue on appeal, therefore, is whether the record after remand demonstrated that Williams's condition was not disabling until the May 11, 2004 myelogram. *See Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (remanding case and directing Commissioner to

2

consider new evidence "in conjunction with the existing administrative record"); *id.* (noting that new evidence on remand may support "earlier contentions" regarding the claimant's condition, and show that, during the relevant time period, the claimant's condition "was far more serious than previously thought and that additional impairments existed").

We review district court orders granting motions to dismiss pursuant to Fed. R. Civ. P. 12(c) *de novo*, *see Jasinski v. Barnhart,* 341 F.3d 182, 184 (2d Cir. 2003), and when reviewing determinations made by the Commissioner, we conduct a plenary review of the administrative record, *see Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998) (noting focus of review is the administrative ruling, not the district court's decision).  Moreover, we may only set aside the Commissioner's decision if the factual findings are not supported by substantial evidence, or if incorrect legal standards were applied.  *See Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008); *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004).  A determination is supported by substantial evidence if the record contains "such relevant evidence as [a] reasonable mind might accept as adequate to support a conclusion."  *Jasinski*, 341 F.3d at 184 (citation omitted).

Here, after having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment.  The medical evidence in the record concerning Williams's condition provides substantial evidence to support the ALJ's onset finding.  In particular, several diagnostic tests prior to the May 2004 myelogram failed to reveal SEL—in fact, as late as July 2002, an MRI of Williams's lumbar spine revealed no sign of "spinal stenosis or neural foraminal narrowing."  In addition, four physicians' reports through September 2000 demonstrated that Williams had a functional capacity to perform light work.  Moreover, although back pain is a symptom of SEL that "often presents long before . . . other symptoms" and Williams's complaints of back pain were consistent throughout the

3

administrative record, her complaints are undercut by the ALJ's finding that she was not entirely credible, which finding is supported by substantial evidence. Finally, as the ALJ found, there is no evidence in the record to show that a treating physician considered SEL prior to the May 2004 myelogram. In the absence of any evidence to the contrary, it was appropriate for the ALJ to choose the conclusive diagnostic finding of SEL to support his onset determination. We have considered Williams's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk