Suttles v. Colvin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         REENA RAGGI,
                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

DOREEN SUTTLES,
         <u>Plaintiff-Appellant</u>,

         -v.-                                      15-3803

CAROLYN W. COLVIN,
         <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              MARK SCHNEIDER, Plattsburgh, New York.

FOR APPELLEE:               HEETANO SHAMSOONDAR, Special Assistant U.S. Attorney (with Stephen P. Conte, Regional Chief Counsel - Region II Office of the General Counsel Social

Security Administration, <u>on the brief</u>), for Richard S. Hartunian, United States Attorney for the Northern District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Doreen Suttles appeals from the district court's affirmance of a decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security disability benefits. We review the administrative record de novo, and will uphold the Commissioner's decision if it is supported by substantial evidence and the correct legal standards were applied. <u>See</u> <u>Zabala v. Astrue</u>, 595 F.3d 402, 408 (2d Cir. 2010); <u>Talavera v. Astrue</u>, 697 F.3d 145, 151 (2d Cir. 2012) ("Substantial evidence . . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. Suttles contends that the ALJ improperly evaluated the opinions of pulmonologist Dr. Kabeli and consultative examiner Dr. Wassef. Medical opinions are evaluated based on, inter alia, the following factors: (1) the evidence in support of the opinion; (2) the consistency of the opinion with the record as a whole; (3) the specialty of the physician; and (4) any other factors which may support or contradict the opinion. <u>See</u> 20 C.F.R. §§ 404.1527(c), 416.927(c).

Under the Commissioner's regulations, the ALJ accorded great weight to Dr. Wassef's opinion because it was consistent with the evidence in the record. As the district court ruled, Dr. Kabeli did not specify any functional limitations, and Dr. Wassef's opinion was supported by substantial evidence, including Dr. Kabeli's treatment notes.

2

2. The plaintiff argues that she is per se disabled under Listing 3.02. To satisfy the requirements for chronic pulmonary insufficiency disorder, a claimant must show an $FEV_1$ equal to or less than 1.45 or an FVC equal to or less than 1.65 for an individual of Suttles's height (68 inches). See 20. C.F.R. Pt. 404, Subpt. P, App'x 1, § 3.02. The Commissioner's regulations state that when evaluating a claimant's impairments under this listing, the "highest values of the $FEV_1$ and FVC, whether from the same or different tracings, should be used to assess the severity of the respiratory impairment." Id. § 3.00E. Therefore, the ALJ properly relied on the higher pulmonary function test results in determining that Suttles's impairment did not meet or equal the requirements of Listing 3.02.

3. Suttles argues that the ALJ erred in evaluating her credibility. Specifically, the ALJ cited her failure to quit smoking despite her doctors' recommendations. The Commissioner is not obligated to accept without question a claimant's testimony about her limitations and symptoms, but has discretion to evaluate the claimant's credibility in light of the evidence in the record. See Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010); Westfall v. Colvin, 137 F. Supp. 3d 340, 346 (W.D.N.Y. 2015) (upholding credibility determination where failure to quit smoking was at issue based on other record evidence).

Although an ALJ may find a plaintiff less credible if she failed to follow medical treatment, an ALJ is obligated to consider any explanation a plaintiff may have for the failure, see Soc. Sec. Ruling 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14,166, 14,170-71 (Mar. 16, 2016), and here the ALJ did not consider any explanation for the failure to quit smoking. See Goff v. Astrue, 993 F. Supp. 2d 114, 128 (N.D.N.Y. 2012) ("[G]iven the addictive nature of smoking, the failure to quit is as likely attributable to factors unrelated to the effect of smoking on a person's health." (citation and quotation marks omitted)).

Despite this error, the ALJ's decision here was supported by other substantial evidence in the record: the ALJ considered Suttles's allegations and found that they were not supported by the medical evidence. Additionally, the ALJ found that her description of her daily activities -- which included cooking, some cleaning, helping with laundry, and shopping with her husband -- were inconsistent

3

with her level of complaints.  As the district court ruled, any error was harmless because substantial evidence supported the ALJ's overall credibility determination.

4.  The ALJ specifically found that the plaintiff had chronic obstructive pulmonary disease ("COPD"), obesity, major depression, and an anxiety disorder as impairments, but that those impairments did not rise to the level of a disability.  Suttles argues that the ALJ failed to consider these conditions together.  However, the ALJ considered her impairments in combination, as well as separately.  See Rivers v. Astrue, 280 F. App'x 20, 23 (2d Cir. 2008) (rejecting allegations that the ALJ failed to consider impairments in combination where record showed that each ailment and its cumulative effects was considered).

5. Suttles argues that the Appeals Council erred by not considering a new IQ test and mental evaluation.  Under the Commissioner's regulations, the Appeals Council will consider new and material evidence only if it relates to the relevant period on or before the date of the ALJ's decision.  Perez v. Chater, 77 F.3d 41, 44 (2d Cir. 1996).  Evidence is material if it is relevant to the claimant's condition during the time period for which benefits were denied, and there is a reasonable possibility that the new evidence would have influenced the ALJ to decide the claimant's application differently.  Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991).

We have held that "medical evidence generated after an ALJ's decision [can] not be deemed irrelevant solely because of timing, [as] subsequent evidence of the severity of a condition suggests that the condition may have been more severe in the past than previously thought."  Williams v. Comm'r Soc. Sec., 236 F. App'x 641, 644 (2d Cir. 2007); Pollard v. Halter, 377 F.3d 183, 194 (2d Cir. 2004).  It certainly can be argued that Dr. Liotta's report on Suttles's IQ and mental capacity, even if based on an evaluation of Suttles that post-dated the ALJ's decision, provides evidence of Suttles's condition during the period for which she sought benefits, and that, therefore, it was error for the Appeals Council not to have considered it.  Cf. Talavera v. Astrue, 697 F.3d 145, 152 (2d Cir. 2012) (agreeing with "majority of our sister Circuits that it is reasonable to presume, in the absence of evidence indicating otherwise, that claimants will experience a fairly constant IQ throughout their lives" (internal quotation marks and

4

alterations omitted)); Muncy v. Apfel, 247 F.3d 728, 734 (8th Cir. 2001) (stating that "a person's IQ is presumed to remain stable over time in the absence of any evidence of a change in claimant's intellectual functioning" and collecting cases). But, assuming that the Appeals Council erred, there was nevertheless no reasonable possibility that consideration of Dr. Liotta's report would have altered the ALJ's decision, because the evidence that Dr. Liotta adduced was not materially different from that which was already before the ALJ and the vocational expert when they reached their conclusions.

6. Suttles argues that the defendant failed to show at "Step 5" that Suttles could do work. The ALJ did not err in its residual functional capacity analysis, and the vocational expert's testimony that there are jobs existing in the national economy constitutes substantial evidence supporting the ALJ's five step determination. See McIntyre v. Colvin, 758 F.3d 146, 151 (2d Cir. 2014)

For the foregoing reasons, and finding no merit in the plaintiff's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK