Richard BITTLES, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

No. 10 Civ. 3557(VM).

United States District Court, S.D. New York.

April 4, 2011.

Charles E. Binder, Binder and Binder P.C., New York, NY, for Plaintiff.

Susan D. Baird, U.S. Attorney's Office, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Richard Bittles ("Bittles") brings this action seeking review of the final determination by the Commissioner of Social Security ("Commissioner") that Bittles is not entitled to disability insurance benefits under the Social Security Act ("Act"), 42 U.S.C. § 405(g) ("Section 405(g)"). The Commissioner now moves for judgment on the pleadings and Bittles cross-moves for judgment on the pleadings. For the reasons listed below, the Court GRANTS the Commissioner's motion and DENIES Bittles's motion.

## I. BACKGROUND [1]

Bittles filed an application for disability insurance benefits on February 1, 2008, alleging that he had been disabled as of December 20, 2007 to October 28, 2008 (the "Applicable Period"). Bittles requested a hearing ("Hearing") which took place on October 16, 2008 before Administrative Law Judge ("ALJ") Dennis G. Katz. Bittles appeared at the hearing with the assistance of counsel.

Bittles, whose employment involved work as a first responder with the New York City Fire Department, testified that he retired from four years of service on

---

[1]. The facts below are taken from the administrative record ("Record" or "R.") filed by the Commissioner. Except where necessary, no further citations to the Record will be made.

October 28, 2004 because he experienced difficulty breathing in warm temperatures and during physical exertion. Bittles explained that his pulmonary condition impaired his ability to concentrate and disrupted his sleep patterns. Bittles also stated that he suffered from Post Traumatic Stress Disorder ("PTSD") from his work as a first responder and that symptoms of his PTSD included nightmares and difficulty communicating and concentrating.

By written decision dated October 28, 2008 (the "Decision"), the ALJ found that Bittles was not disabled during the Applicable Period. The ALJ explained that, while Bittles suffered from asthma, mild restrictive airways disease ("RAD"), and a left shoulder impingement, Bittles's PTSD did not qualify as a "severe disorder" under the Act. Additionally, the ALJ found that Bittles possessed the residual functional capacity ("RFC") sufficient to perform "light work" other than that which requires exposure to extreme temperature, toxic fumes or pulmonary irritants.

Following the ALJ's Decision, Bittles filed an appeal with the Social Security Administration's Appeals Council (the "Appeals Council") and submitted additional evidence, including medical records from Dr. Arthur Klein ("Klein") and Dr. Robert Lloyd Goldstein ("Goldstein"). On March 5, 2010, after finding that the new evidence did not provide a basis to change the ALJ's Decision, the Appeals Council denied Bittles's request for review, rendering the ALJ's Decision the final determination of the Commissioner.

Bittles brought this action on April 29, 2010, seeking review of the Commissioner's determination. The Commissioner moved for judgment on the pleadings, and Bittles cross-moved for judgment on the pleadings.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

■ In reviewing the ALJ's determination of disability and denial of benefits, the Court "is limited to inquiring into whether the [Commissioner]'s conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Beauvoir v. Chater,* 104 F.3d 1432, 1433 (2d Cir.1997) (quotation marks omitted). Section 405(g) provides that "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Alston v. Sullivan,* 904 F.2d 122, 126 (2d Cir.1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."). A fact is supported by substantial evidence when the supporting evidence is "more than a mere scintilla," but rather is such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quotation marks omitted).

### B. *DISABILITY DETERMINATION*

"Disability" is defined in the Act as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual may be found disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

To determine whether an individual is disabled under the Act, an ALJ must employ the five-step assessment for the adjudication of disability claims contained in 20 C.F.R. §§ 404.1520(a)(4) and 416.920. *See Shaw v. Chater,* 221 F.3d 126, 132 (2d Cir.2000). Thus, the Commissioner must consider whether:

(1) The claimant is currently engaged in substantial gainful activity.

(2) The claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

(3) If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

(4) If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

(5) If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Id.*

■ If, at any step, the Commissioner can make a finding that the claimant is disabled or not disabled, he must do so and the process need not continue. *See* 20 C.F.R. § 404.1520(a)(4). If the Commissioner cannot make such a determination, then he must continue to the next step. *Id.* The burden of proving the first four steps falls on the claimant. *Id.* At the fifth step, however, the Commissioner bears the burden of proving that despite the claimant's impairments, he is capable of performing work that is available in the national economy. *See Poupore v. Astrue,* 566 F.3d 303, 306 (2d Cir.2009). To determine whether jobs are available, the Commissioner may take administrative notice of "reliable job information available from various governmental and other publications." 20 C.F.R. § 416.966(d).

### C. *APPLICATION*

Bittles raises three arguments in this action. First, Bittles asserts that the ALJ erred in finding that Bittles's mental impairment was not a severe impairment. Second, Bittles claims that the ALJ based his RFC determination on an improper evaluation of the medical evidence. Third, Bittles contends that the ALJ improperly assessed the credibility of Bittles's testimony.

#### 1. *Evidence of Mental Impairment*

Bittles argues that the ALJ erred in determining that Bittles's PTSD was a severe impairment under the Act. The Act defines PTSD as an "Anxiety Related Disorder." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06 ("Section 12.06"). To meet the required level of severity for PTSD, a claimant must provide medical documentation for the criteria listed in Section 12.06(A) and Section 12.06(B). Bittles contends that he satisfies sections 12.06(A)(1)[2] or (A)(5)[3] in addition to 12.06(B)[4].

2. Section 12.06(A)(1) lists the following criteria:

1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms: (a) motor tension, (b) autonomic hyperactivity, (c) apprehensive expectation, and (d) vigilance and scanning.

3. Section 12.06(A)(5) requires that a claimant provide medical documentation of "Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress."

4. Section 12.06(B) enumerates the following restrictions:

■ Upon review of the Record, the Court is persuaded that substantial evidence supports the ALJ's determination that Bittles did not satisfy the requirements of Section 12.06(A)(1) or 12.06(A)(5). First, based on the Record, the ALJ properly found that Bittles did not demonstrate that he suffers from "generalized persistent anxiety ... accompanied by motor tension, autonomic hyperactivity, apprehensive expectation, or vigilance and scanning," as required by Section 12.06(A)(1). In so concluding, the Court considers a wide array of documents and assessments prepared during the Applicable Period by Klein ("Klein's Records"), Bittles's treating physician, that were part of the evidence before the ALJ. Klein's Records do not include a diagnosis of PTSD, nor do they do they support such a diagnosis. In fact, Klein wrote that, "other than the development of Asthma and Reactive Airway Disease, [Bittles] has not had any other medical issues." (R. at 309.) This conclusion was supported by records from Dr. Leslie Helprin ("Helprin"), a consulting psychiatric examiner, and Dr. N. Schliselberg ("Schliselberg"), a state agency psychiatrist. Both Helprin and Schliselberg examined Bittles in May 2008 and found only marginal impairments in Bittles's concentration and mood.

Second, the Record substantially supports the ALJ's finding that Bittles did not suffer "recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress," as required by Section 12.06(A)(5). Bittles testified that he experienced nightmares only "once or twice a month," and that he has not sought psychiatric help since 2006. (R. at 43.) Helprin's medical reports noted that Bittles's symptoms "do not appear to be significant enough to interfere with [his]

ability to function on a daily basis." (R. at 243–44.) Schliselberg, who met with Bittles before the Hearing, found that Bittles's psychiatric conditions caused no restriction in his daily living.

Therefore, since the Court finds substantial evidence to support the ALJ's determination that Bittles does not meet the requirements of Section 12.06(A)(1) or (A)(5), the Court need not address whether he satisfies the requirements of Section 12.06(B) *See* Section 12.06 (stating that the required level of severity for the disorder is met when the requirements in both A and B are satisfied).

■ Furthermore, the Court agrees with the Appeals Council that the report prepared by Goldstein (the "Goldstein Report") did not provide ground to change the ALJ's Decision. Additional evidence submitted after an ALJ's determination must be "both relevant to the claimant's condition during the time period for which benefits were denied," and present "a reasonable possibility that [it] would have influenced the [ALJ] to decide the claimant's application differently." *Fox v. Barnhart,* 137 Fed.Appx. 395, 396 (2d Cir.2005) (internal quotations omitted). Here, Goldstein evaluated Bittles only once, on March 19, 2009, over a year after the ALJ's determination and his report does not include laboratory findings or medical evaluations from the Applicable Period. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Section 12.00(B) (requiring "medical evidence consisting of symptoms, signs, and laboratory findings (including psychological test findings)" to establish severity of mental impairment). The Goldstein Report is not probative of Bittles's condition during the Applicable Period and did not warrant any change to the ALJ's Decision.

(1) Marked restriction of activities of daily living; (2) marked difficulty in maintaining social functioning; (3) marked difficulty in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration.

#### 2. *Residual Functional Capacity*

Bittles also argues that the ALJ based his RFC determination on an improper evaluation of the medical evidence, and that this determination was not supported by substantial evidence in the record. In particular, Bittles argues that his RAD, asthma, and PTSD preclude him from performing light work as defined by the Act.

■■ When making an RFC determination, an ALJ must assess "the range of work activities [a claimant] could still perform despite his impairments." *Butts v. Barnhart,* 388 F.3d 377, 380 (2d Cir.2004). The Act requires the ALJ to consider both objective medical evidence and any other evidence relevant to how the claimant's impairments and related symptoms affect his ability to work. *See* 20 C.F.R. § 404.1529; *Barnhart,* 388 F.3d at 380.

■ Upon review of the Record, the Court finds that the ALJ's determination that Bittles was capable of performing light work was supported by substantial evidence. Light work involves "lifting no more than twenty pounds of weight at a time with frequent lifting or carrying of objects weighing up to ten pounds." 20 C.F.R. § 404.1567. It also includes jobs that involve walking or standing, or jobs that involve "sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*; *see Toro v. Chater,* 937 F.Supp. 1083, 1091 (S.D.N.Y.1996). Here, Bittles displayed "essentially normal findings on physical examination," (R. at 21), and Klein's Records indicate that Bittles (1) could lift and carry up to 20 pounds; (2) was able to remember and carry out simple instructions and make simple work-related decisions; and (3) could have performed "desk work" if trained. (R. at 307.) Additionally, Bittles testified that he experienced no pulmonary symptoms when he was not over-exerting himself in a temperature controlled environment. Taken together, this evidence provides substantial support for the ALJ's determination that Bittles had the capacity to perform light work.

Although Bittles argues that the Multiple Impairment Questionnaire (the "Questionnaire") signed by Klein on October 28, 2009, provides a basis for reversal, the Court disagrees. The Questionnaire, submitted after the ALJ rendered the Decision, indicates that Bittles was unable to perform any form of work during the Applicable Period; however, the medical records relied on by the ALJ provided more than a "mere scintilla" of evidence on which to make the Decision. *See Richardson,* 402 U.S. at 401, 91 S.Ct. 1420. Therefore, the Court agrees with the Appeals Council's finding that the Questionnaire was not sufficient to change the ALJ's decision. *See Rosado v. Sullivan,* 805 F.Supp. 147, 153 (S.D.N.Y.1992) (holding that an ALJ's findings must be sustained if supported by substantial evidence even where other evidence in the record may support the plaintiff's position).

#### 3. *Credibility*

■ Finally, Bittles contests the ALJ's credibility determination of Bittles as a witness. Because the Court has already found substantial support for the ALJ's mental impairment and RFC determinations, Bittles' subjective testimony that is inconsistent with these determinations is not dispositive. Nevertheless, the Court finds no basis to question any credibility determinations made by the ALJ. In assessing Bittles's testimony regarding the intensity and persistence of his symptoms, the ALJ relied on specific evidence in the Record, including reports showing that Bittles's lungs appeared normal on examination and did not display rhonchi, rales, or wheezing. This evidence is inconsistent with Bittles's complaints of debilitating and immobilizing symptoms. As the ALJ

provided specific grounds to question Bittles's subjective testimony, his credibility determination was proper. *See Martinez v. Massanari*, 242 F.Supp.2d 372, 379 (S.D.N.Y.2003) (stating that an ALJ may explicitly reject subjective testimony as long as he does so with sufficient specificity to enable a reviewing court to determine that the finding is supported by legitimate reasons and substantial evidence).

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 7) of defendant Michael J. Astrue for judgment on the pleadings dismissing the complaint of plaintiff Richard Bittles ("Bittles") is GRANTED; and it is further

**ORDERED** that the cross-motion (Docket No. 9) of Bittles for judgment on the pleadings is DENIED.

The Clerk of the Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**