11-3325-cv
Douglass v. Astrue

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of September, two thousand and twelve.

PRESENT: BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                   *Circuit Judges.*
         JOHN GLEESON,
                   *District Judge.**

_____

ROBERT T. DOUGLASS,

                   *Plaintiff-Appellant*,

         -v.-                                      11-3325-cv

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                   *Defendant-Appellee.*

_____

FOR APPELLANT:      LOUISE M. TARANTINO, Empire Justice
                    Center, Albany, NY (Catherine M. Callery,
                    Empire Justice Center, Rochester, NY, *on
                    the brief*).

---

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE:          PETER JEWETT, Special Assistant United States Attorney, (Mary Ann Sloan, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, New York, NY, *on the brief*)*, for* William J. Hochul, United States Attorney for the Western District of New York, Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Western District of New York be **REVERSED and REMANDED.**

Appellant Robert T. Douglass appeals from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*), which affirmed the Commissioner of Social Security's decision terminating his eligibility for Supplemental Security Income and Disability Insurance Benefits (SSI). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"After an individual has been found entitled to [SSI] benefits, . . . his benefits may be terminated if there is substantial evidence that the impairment has improved to such an extent that he is now able to work." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). A recipient of

2

benefits "'may be determined not to be entitled to such benefits'" only on the basis of "'substantial evidence which demonstrates that there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and the individual is now able to engage in substantial gainful activity.'" *Id.* (quoting 42 U.S.C. § 423(f)(1)). "Thus, in order to 'determin[e] whether medical improvement has occurred,' the SSA must compare 'the current medical severity of th[e] impairment[ ] . . . to the medical severity of that impairment[ ] at th[e] time' of the most recent favorable medical decision." *Id.* at 586-87 (quoting 20 C.F.R. § 404.1594(b)).

"When deciding an appeal from a denial of . . . benefits, [this Court] focus[es] on the administrative ruling rather than the district court's opinion." *Acierno v. Barnhart*, 475 F.3d 77, 80 (2d Cir. 2007) (internal quotation marks and citation omitted). Our review is deferential, and we set aside the Commissioner's determination only where such determination "is based upon legal error or not supported by substantial evidence." *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per*

3

*curiam*). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (internal citations omitted). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000), *superceded by statute on other grounds*, 20 C.F.R. § 404.1560(c)(2) (internal quotation marks and citation omitted).

Any individual may appeal from a final decision of the Commissioner of Social Security to a United States District Court. 42 U.S.C. § 405(g). "[A]fter reviewing the Commissioner's decision, a court may 'enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (quoting 42 U.S.C. § 405(g)). "Our statutory mandate as an appellate court is the same as that of the district court." *Veino*, 312 F.3d at 586.

Douglass contends that (1) the Administrative Law Judge ("ALJ") erred in finding that Douglass's impairments had

4

medically improved between 2000 and 2004; (2) the ALJ made an error of law in determining that Douglass did not qualify as mentally retarded; and (3) the ALJ improperly relied on vocational evidence that failed to consider all of Douglass's intellectual restrictions. Because we agree with Douglass's first and second arguments, we need not consider the third.

1. Medical improvement

Douglass has been receiving benefits since the age of two due to bronchial asthma and a cardiac defect. When the Social Security Administration ("SSA") redetermined his eligibility in 2000, it found that he continued to be eligible for SSI based on a primary diagnosis of "organic mental disorders (chronic brain syndrome)" and a secondary diagnosis of asthma. The agency then terminated Douglass's benefits in 2004 after conducting a continuing disability review. In his review of this decision, the ALJ noted specifically that there had been a "decrease in medical severity" in Douglass's asthma, depression, and knee impairment, but he made no such statement with regard to Douglass's intellectual functioning.

The ALJ's decision appears to have been based primarily on the assessment of consultative physician Dr. John

Thomassen, who examined (but did not treat) Douglass in 2000 and 2004, and Douglass's own statements about his ability to function. Thomassen performed intelligence testing on Douglass and stated that he had "borderline intellectual functioning" in 2000, but he did not perform tests or make this diagnosis in 2004. Thomassen's statement in his 2004 report that Douglass could perform "rote tasks" and follow "simple instructions" served as a significant basis for the ALJ's decision that Douglass was able to work. However, Thomassen made the same statement in his 2000 report.

We agree with Douglass that the ALJ's decision does not reflect a meaningful consideration of Douglass's intellectual functioning under the "medical improvement" standard. Consideration of this point is necessary because Douglass's limited mental functioning was the primary basis under which he was found to remain eligible for benefits in 2000, when his disabling condition manifested itself in low I.Q. scores (Performance I.Q. of 70, Verbal I.Q. of 91, and Full Scale I.Q. of 80) and deficits in adaptive functioning. Indeed, in 2001 Douglass received a composite score of 54 in adaptive behavior, signifying that 99.9 percent of his peers were better able than him to cope with the challenges of everyday life. A claimant's intellectual ability is not typically something that improves with time.

This deficiency is compounded by the fact that the ALJ relied primarily on one-time consultative reports and failed to address substantial additional evidence in the record regarding Douglass's mental ability to function in a professional setting. *See Mongeur v. Heckler*, 722 F.2d 1033, 1039 n.2 (2d Cir. 1983) (stating that opinion of nurse practitioner who treated claimant "on a regular basis" was entitled to "some extra consideration"). For these reasons, the ALJ failed to set forth the "crucial factors" in his determination "with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

### 2. Mental retardation

Douglass is also correct that the ALJ made an error of law before even reaching the "medical improvement" analysis. The ALJ determined at step one of his inquiry that Douglass did not qualify as mentally retarded under the standard enumerated in 20 C.F.R. § 404 Subpart P, App. 1, Pt. A, ¶ 12.05. Section 12 lists various mental impairments, and it generally requires claimants to demonstrate that they meet "the diagnostic description in the introductory paragraph and the criteria of both paragraphs A and B . . . of the listed impairment." *Id.* ¶ 12.00(A). The ALJ determined

7

that Douglass failed to satisfy the criteria for mental retardation in paragraph 12.05 because he did not satisfy the "paragraph B" criteria.

The listings note, however, that 12.05 has a structure that is "different from that of the other mental disorders listings." *Id.* In order to be found mentally retarded, a claimant must "satisf[y] the diagnostic description in the introductory paragraph [of the listing] and any one of four sets of criteria" listed in paragraphs A through D of 12.05. Douglass therefore was not required to satisfy the "paragraph B" criteria. The ALJ's determination that Douglass did not qualify as mentally retarded, on this basis and without further analysis, was legal error.

For the foregoing reasons, the decision of the Commissioner to terminate Douglass's benefits and the judgment of the district court are hereby **REVERSED.** We remand for consideration by the ALJ of Douglass's case in a manner consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk