16-1500-cv
Hathaway v. Berryhill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand seventeen.

PRESENT:  PETER W. HALL,
              CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
              VICTOR A. BOLDEN,
                    *District Judge*.[*]

----------------------------------------------------------------------

BOBBIE JEAN HATHAWAY,
                    *Plaintiff-Appellant*,

            v.                                No. 16-1500-cv

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,[2]
                    *Defendant-Appellee*.

----------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:         Mark Schneider, New York, New York.

FOR DEFENDANT-APPELLEE:        Emily M. Fishman, Special Assistant U.S. Attorney (Stephen P. Conte, Regional Chief Counsel – Region II, Office of the General Counsel, Social Security Administration, *on the brief*) *for* Richard S. Hartunian, United States

----

[*] Judge Victor A. Bolden, United States District Court for the District of Connecticut, sitting by designation.

[2] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Commissioner Nancy A. Berryhill is automatically substituted for former Commissioner Carolyn Colvin as Defendant.

Attorney for the Northern District of
New York, Syracuse, New York.

Appeal from judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the matter **REMANDED**.

Plaintiff-Appellant Bobbie Jean Hathaway appeals from the judgment of the district court denying her appeal of an administrative law judge's ("ALJ") decision that terminated her social security benefits. Hathaway had been granted Supplemental Security Income benefits in 1996 based on her intellectual functioning and a seizure disorder. In 2001 and 2006, the Social Security Administration ("SSA") continued those benefits after reviewing her case and finding her still eligible.[2] In 2012, the SSA conducted another review and determined that she was no longer disabled because she had shown sufficient improvement from her previous conditions.

Hathaway requested review through the SSA's administrative process, each time being denied, including at a hearing before an ALJ in 2013. At that review, the ALJ reviewed recent medical records regarding Hathaway's mental capacity, seizures, and back pain before terminating her benefits. Hathaway requested review by the Appeals Council of the SSA, which was denied as the Commissioner's final decision. She then filed suit in the United States District Court for the Northern District of New York. In 2016, the district court affirmed the Commissioner's final decision, and this appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews the administrative record *de novo* to determine if there is substantial evidence to support the Commissioner's decision and if the correct legal standards were applied. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (*per curiam*). The substantial evidence standard means that once an ALJ finds facts, the Court can reject those facts "only if a reasonable factfinder would *have to conclude otherwise*." *Id.* (emphasis in original).

After a person has been found to be entitled to disability benefits from the SSA, his entitlement is to be periodically reviewed. *See* 42 U.S.C. § 421(i). If there is substantial evidence that "there has been any medical improvement in the individual's impairment or combination of impairments" that relates to his or her ability to work, such that "the individual is now able to engage in substantial gainful activity," the individual may be determined to be no longer entitled to benefits. *Id.* § 423(f)(1).

---

[2] According to the record, the "most recent favorable determination is the Title 16 continuance of 12/01." R-86 When the 2001 review was performed, "the impairment considered was epilepsy." R-86 The 2006 determination was based on her 1996 material, which suggests that the determination in 2006 was based on her cognitive impairment and mental retardation along with her seizures. *See* R-86 ("The most recent favorable determination on her claim is the allowance in 2/06, but this determination was based on the information from 1996 and earlier, and should have been an adoption per collateral estoppel of the ALJ decision.").

2

When reviewing appeals where a claimant is denied previously-received benefits on the basis of medical improvement, "Congress intended the Secretary to compare an applicant's condition at the time of review with his or her condition at the time benefits were initially granted." *De Leon v. Secretary of Health & Human Services*, 734 F.2d 930, 936 (2d Cir. 1984). This "comparative standard" should be used to determine whether the individual's condition has "improve[d] to the point where he or she is able to engage in substantial activity," and if he or she has so improved, then "benefits are no longer justified, and may be terminated by the Secretary." *Id.* at 937.

The "SSA must compare 'the current medical severity of th[e] impairment[]. . . to the medical severity of that impairment[] at th[e] time' of the most recent favorable medical decision." *Veino v. Barnhart*, 312 F.3d 578, 586-87 (2d Cir. 2002) (quoting 20 C.F.R. § 404.1594(b)(7)). To make this comparison, the Commissioner must examine the medical evidence that existed at the time of the initial disability determination and compare it to the new medical evidence, and submit both sets of medical evidence to this Court. *Id*. at 587. Absent these previous medical records, "the administrative record lacks a foundation for a reasoned assessment of whether there is substantial evidence to support the Commissioner's finding that [a present] condition represents an 'improvement.'" *Id.*

Plaintiff received a letter notifying her that her benefits were being reviewed in September 2011. She then filled out a questionnaire in which she indicated that she had ongoing cognitive problems and seizures in addition to her back problems. *See* R-161 ("I have memory loss and petit mal seizures."); R-165 ("Sometimes I forget what I am saying when I am on the phone . . . because of my seizures."). She therefore met the limited burden of "introduc[ing] evidence" that her condition is the same as at the time of the earlier determination. *See De Leon*, 734 F.2d at 937.[3]

Here, the ALJ failed to compare medical evidence of Hathaway's condition at the time of the hearing in August 2013 to medical evidence of her condition in 1996, 2001, or 2006 when she had been found to be disabled on the grounds of her mental capacity and seizures.[4] The ALJ's ruling only discussed current medical reports regarding impairments of her mental capacity, her back pain, and her seizures. *See* SA-6–8. The administrative ruling stated that

> [t]he medical evidence supports a finding that, as of January 10, 2012, there had been a decrease in medical severity of the impairments. The record reflects that the claimant's seizure disorder is currently well-controlled by her medication. Furthermore, as discussed below, the medical evidence shows that the claimant has experienced improvement in her lumbar spine impairments, as documented on

---

[3] Notably, a teleclaim form filled out in February 2012 (as part of plaintiff's appeal of her denial of benefits) notes that the "Presumptive Disability" page was not part of the record because "there is no initial level SSI claim on this case." R-169.

[4] Plaintiff's initial disability determination (in 1996) occurred under Listing 12.05(C), which requires different elements than the Listing 12.02 that the ALJ applied. The medical consultant in 2011 discussed both 12.02 and 12.05(c). *See* R-290-92. The district court affirmed the ALJ's decision despite his error in reviewing the plaintiff's evidence under Listing 12.02, because "substantial evidence supports a conclusion that Plaintiff does not suffer from an adaptive functioning deficit" and therefore plaintiff "did not show that she suffers from 'all of the specified medical criteria' required by Listing 12.05(c)." SA-22.

a June 2013 MRI, despite her subjective reports to the contrary. The claimant also reported at the hearing that she has no significant mental restrictions from working.

SA-8.

In arriving at this conclusion, the ALJ did not cite or discuss any medical evidence that supported the initial finding of plaintiff's disability in 2001 or 2006, as is required under *Veino* and *De Leon*. *See Veino*, 312 F.3d at 587 (requiring medical evidence for the Court to be able to conduct "a reasoned assessment" of any "improvement"); *De Leon*, 734 F2d. at 936 (requiring the comparative approach). There was similarly no evidence in the record about either the 1995-96 hearing and determination on the basis of mental retardation, or the 2001 continuing disability review. Some of the 1990s-era medical records were summarized by the medical consultant, but that is the type of summary specifically prohibited by this Court. *See Veino*, 312 F.3d at 587; R-291.

In addition, the ALJ did not make any findings in 2012 regarding Hathaway's IQ or cognitive limitations, and did not compare plaintiff's Listing 12.05(c) qualifications in 2001 or 2006 to her qualifications in 2012. In fact, he noted that she had "no significant mental restrictions from working" despite this Court's previous suggestion that a person's IQ is unlikely to "improve."; *see Douglass v. Astrue*, 496 F. App'x 154, 156 (2d Cir. 2012) (noting that "[a] claimant's intellectual ability is not typically something that improves with time").

For the foregoing reasons, we find that the ALJ's decision was not based on substantial evidence because we lack sufficient medical records from the initial determination of disability. We therefore VACATE the judgment of the district court and REMAND to the administrative law judge for further consideration in accordance with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4