09-1795-cv
Zedanovich v. Astrue

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# CORRECTED SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-third day of February, two thousand and ten.

PRESENT:

JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
GERARD E. LYNCH,
         *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DONALD ZEDANOVICH,

         *Plaintiff-Appellant,*

         -v.-                                                No. 09-1795-cv

MICHAEL J. ASTRUE, Commissioner of Social Security,

         *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          CAROLYN A. KUBITSCHEK, Lansner Kubitschek Schaffer & Zuccardy, New York, NY (Russell Grant, Marion Havard, Law Students, *on the brief*).

**FOR DEFENDANT-APPELLEE:**          KAREN T. CALLAHAN, Special Assistant United States Attorney (Andrew T. Baxter, Interim United States Attorney for the Northern District of New York, *on the brief,*

Stephen P. Conte, Acting Chief Counsel, Social Security Administration, Richard A. Hill, Supervisory Regional Counsel, *of counsel*) Office of the United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from March 4, 2009 and March 13, 2009 judgments of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff Donald Zedanovich ("plaintiff") appeals from the March 4, 2009 judgment, amended by a March 13, 2009 judgment, of the District Court dismissing plaintiff's complaint, adopting the Report and Recommendation ("R&R") of Magistrate Judge Gustave J. DiBianco dated February 6, 2009, and thereby affirming the decision of the Commissioner of the Social Security Administration denying plaintiff's application for disability benefits. On appeal plaintiff argues, *inter alia*, that the District Court erred in upholding the determinations made by the Administrative Law Judge ("ALJ") because the ALJ erred in failing to elicit testimony from a vocational expert to address plaintiff's non-exertional limitations. We assume the parties' familiarity with the facts and procedural history of the case.

The law of our Circuit on when the Commissioner must introduce testimony of a vocational expert is clear:

> [S]ole reliance on the [g]rid[s] may be precluded where the claimant's exertional impairments are compounded by *significant nonexertional impairments that limit the range of sedentary work that the claimant can perform*. In these circumstances, the Commissioner must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform.

*Butts v. Barnhart*, 388 F.3d 377, 383-84 (2d Cir. 2004) (quoting *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999)) (emphasis added). In other words, the mere existence of a non-exertional impairment does not alone trigger the need for vocational expert testimony. Rather, once the ALJ determines that a plaintiff does in fact suffer from non-exertional impairments, the ALJ must then determine whether those impairments are "significant" and "limit the range of sedentary work that the claimant can perform." *Id.*

As the Magistrate Judge noted in the instant case, the ALJ "carefully analyzed plaintiff's non-exertional impairments and determined that there was no *significant* limitation in the range of unskilled sedentary work that plaintiff could perform." (App'x 32) (emphasis in original). The ALJ's determination was supported by substantial evidence.

We have reviewed each of plaintiff's claims on appeal and find them to be without merit. Substantially for the reasons stated by the Magistrate Judge in his careful and thoughtful R&R, adopted by the District Court, *see Zedanovich v. Comm'r of Soc. Sec.*, No. 3:06-cv-1403, 2009 WL 577763 (N.D.N.Y. Mar. 4, 2009), the March 4, 2009 and March 13, 2009 judgments of the District Court are AFFIRMED.

**<u>CONCLUSION</u>**

For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court