16-3896-cv
Skrodzki v. Commissioner

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of July, two thousand seventeen.

PRESENT:
> **DENNIS JACOBS,**
> **PIERRE N. LEVAL,**
> **REENA RAGGI,**
> *Circuit Judges.*

———————————————————————

**Andrzej Skrodzki,**

> *Plaintiff-Appellant*,

> **v.**                                                                                                 16-3896

**Commissioner of the Social Security Administration,**

> *Defendant-Appellee.*


———————————————————————


| | |
|---|---|
| **FOR PLAINTIFF -APPELLANT:** | Andrzej Skrodzki, pro se, Jackson Heights, NY. |
| **FOR DEFENDANT -APPELLEE:** | Kathleen Ann Mahoney, Varuni Nelson, Arthur Swerdloff, Assistant United States Attorneys, for Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Andrzej Skrodzki, pro se, challenges the district court's judgment vacating a final decision of the Commissioner of Social Security ("Commissioner") and remanding his case to the Social Security Administration ("SSA") for further proceedings. The district court reasoned that the administrative law judge ("ALJ") failed to consider all the categories of "ordinary and necessary expenses" described in 20 C.F.R. § 404.508(a) and Skrodzki's individual standard of living. On appeal, Skrodzki primarily argues that the district court should instead have ordered the Commissioner to repay withheld benefits with interest. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The fourth sentence of § 405(g) of the Social Security Act permits a district court to affirm, reverse, or modify a decision of the Commissioner "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). We review remands pursuant to the fourth sentence of § 405(g) for abuse of discretion. *Butts v. Barnhart*, 388 F.3d 377, 384-85 (2d Cir. 2004). A remand for a rehearing is proper "when 'further findings would so plainly help to assure the proper disposition of [the] claim . . . .'" *Id.* at 385 (quoting *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999)). A reversal with remand for the calculation of benefits is appropriate when the record is so clear as to compel a conclusion. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) (explaining that outright reversal is only appropriate when "application of the correct legal standard could lead to only one conclusion," but not when the outcome is still uncertain).

The SSA determined that it overpaid disability insurance benefits ("DIB") to Skrodzki, and recouped those funds by withholding benefit payments for several months. When an individual is overpaid DIB, the Commissioner must seek repayment. 42 U.S.C. § 404(a)(1)(A). An over-payment is one that is in excess of what the individual is entitled to receive. 20 C.F.R. § 404.501(a). The Commissioner may obtain repayment by deducting "any payment under this subchapter to which such overpaid person is entitled." 42 U.S.C. § 404(a)(1)(A). An individual can seek a waiver of repayment. 20 C.F.R. § 404.506. Waiver is granted to "any person who is without fault if such adjustment or recovery would defeat the purpose of [Title II] or would be against equity and good conscience." 42 U.S.C. § 404(b)(1). Recovery defeats the purpose of Title II when it would "deprive a person of income required for ordinary and necessary living expenses." 20 C.F.R. § 404.508(a). Ordinary and necessary expenses include:

> (1) Fixed living expenses, such as food and clothing, rent, mortgage payments, utilities, maintenance, insurance (e.g., life, accident, and health insurance including premiums for supplementary medical insurance benefits under title XVIII), taxes, installment payments, etc.;

> (2) Medical, hospitalization, and other similar expenses;

2

(3) Expenses for the support of others for whom the individual is legally responsible; and

(4) Other miscellaneous expenses which may reasonably be considered as part of the individual's standard of living.

20 C.F.R. § 404.508(a)(1)-(4).

The district court had the discretion to remand on the grounds that the ALJ failed to apply the categories in 20 C.F.R. § 404.508 to Skrodzki's submitted expenses. The ALJ considered Skrodzki's average income and his credit card statements from the withholding period (June through November 2009), which reflected several cash advances. Skrodzki alleged that he spent this money on living expenses. The ALJ concluded that it was unclear if Skrodzki spent the money on food, and that many of the other charges listed on Skrodzki's credit card statements were not "necessary" expenses. But as the district court noted, the charges covered public transportation, computer parts, and airline tickets to Poland for medical treatment in September and October 2009. The ALJ did not account for all the categories listed in § 404.508, which include expenses "which may reasonably be considered as part of the individual's standard of living." 20 C.F.R. § 404.508(a)(4).

The district court was within its discretion to find that the record did not support an outright reversal. Skrodzki denied knowing about multiple cash deposits of over $200 into his checking account during the withholding period. Nor did Skrodzki explain how he used the funds he withdrew from a retirement account in 2008. Because "further findings would so plainly help to assure the proper disposition of [the] claim" by determining if Skrodzki needed DIB to pay "ordinary and necessary" expenses during the withholding period, the district court had the discretion to remand. *Butts*, 388 F.3d at 385 (internal citation omitted); *Schaal*, 134 F.3d at 504.

We have considered all of Skrodzki's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3