**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3103
_____

TONI MARVETTA BACON,
                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court for the
Western District of Pennsylvania
(District Court No. 2:20-cv-01374)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 12, 2022


(Filed: July 22, 2022)

Before:  GREENAWAY, JR., MATEY, and RENDELL, *Circuit Judges.*
_____

O P I N I O N*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Toni Bacon applied for Social Security disability insurance benefits and supplemental security income. After conducting a hearing on her application, an administrative law judge ("ALJ") at the Social Security Administration denied her applications, determining that she was not disabled under the Social Security Act. *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3). The District Court upheld the ALJ's decision to deny her applications. Because substantial evidence supports the ALJ's decision, we will affirm the District Court's order.

I.

Bacon applied for a period of disability and disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Act. She alleges that she first became disabled on January 13, 2014 due to several impairments, including a history of pulmonary embolisms, fibromyalgia, and physical pain throughout her body. Before this date, according to her self-reported employment history, Bacon had performed several jobs largely involving seated work, including working as a customer service representative at a bank between December 1999 and September 2006 and as a security guard for a recycling company between May 2011 and June 2012.

The Social Security Administration initially denied Bacon's applications, but, after she requested a hearing, the ALJ conducted a video hearing on her applications at which she and an impartial vocational expert testified. Employing the five-step process for

2

evaluating disability claims,[1] the ALJ concluded that Bacon was not disabled from January 13, 2014 through September 10, 2019, the date of his decision.  Although he found that she had several "severe impairments," he determined that, based on the record, Bacon "ha[d] the residual functional capacity to perform sedentary work" and thus she could perform her past work as a customer service representative as she had performed the job or as it is generally performed or a security guard as she had actually performed this job.  AR 17-27.

After exhausting her administrative remedies, Bacon sought review of the ALJ's decision before the District Court.  The District Court granted the Commissioner of Social Security's motion for summary judgment, holding that the ALJ's decision was supported by substantial evidence.

Bacon timely appealed.

II.[2]

On appeal, Bacon argues that the ALJ erred by concluding at step four that she was not disabled because she could still perform her past work.  Although she raises

---

[1] Using this framework, the ALJ sequentially considers whether the claimant (1) performs "substantial gainful activity," (2) has a "severe" medical impairment, (3) has an impairment "that meets or equals one of" the listed impairments, (4) can perform her "past relevant work," and (5) "can make an adjustment to other work."  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The ALJ does not proceed to the next step if she determines that the claimant is not disabled based on her evaluation of the current step. *Id.*

[2] The District Court had jurisdiction under 42 U.S.C. § 405(g).  We exercise jurisdiction under 28 U.S.C. § 1291.  We engage in a "plenary review" of the ALJ's legal determinations, while we review the ALJ's factual findings for "substantial evidence." *Chandler v. Comm'r of Social Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (internal quotation

several claims of error, none show that the ALJ's finding that Bacon could perform her past work as a customer service representative was not supported by substantial evidence.[3]

First, Bacon contends that, contrary to the ALJ's finding, she could not perform her past work as a customer service representative with her current residual functional capacity that includes her limitation of being "off-task approximately 5% of the workday[.]"[4]. AR 21. The record, however, supports the opposite conclusion. The vocational expert, in response to the ALJ's hypothetical question that included this very limitation, testified that an individual with Bacon's background, residual functional capacity, and limitations could perform her past job. *See Rutherford v. Barnhart*, 399 F.3d 546, 553-54 (3d Cir. 2005) (recognizing that an ALJ may rely on the testimony of vocational experts in response to hypothetical questions when those questions accurately convey the claimant's impairments and limitations). Moreover, Bacon's description of her past work, dovetails with this conclusion. Still, Bacon claims that portions of the

marks and citation omitted). The substantial-evidence standard is met as long as a finding is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted).

[3] Because the Commissioner does not contend that the ALJ's determination that Bacon could perform her past work as a security guard as she performed it is a basis for affirming the District Court's order, we will not address Bacon's arguments concerning this finding.

[4] Bacon challenges this finding only on the ground that the ALJ failed to account for her use of a cane for walking. Because Bacon did not develop this argument below, we will not consider it on appeal. *See Dennis v. City of Philadelphia*, 19 F.4th 279, 287 (3d Cir. 2021) ("To preserve an argument, a party must 'unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits.'" (quoting *Shell Petroleum, Inc. v. United States*, 182 F.3d 212, 218 (3d Cir. 1999)).

consultative examiner's report show she could not perform this job. Yet, even though the report acknowledges her limited ability to sit for more than six hours, it indicates that she could still perform a sedentary job like her customer-service position. *See* SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996) (describing "sedentary work" as involving sitting for "approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals"). Thus, substantial evidence supports the ALJ's finding that she could perform her past work as a customer service representative.

Second, Bacon claims that the ALJ erred by determining that her past job as a customer service representative qualified as "past relevant work." 28 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). She, however, did not make this argument below, so she has failed to preserve it for appeal. *Simko v. U.S. Steel Corp.*, 992 F.3d 198, 205 (3d Cir. 2021) ("It is well-established that arguments raised for the first time on appeal are not properly preserved for appellate review.").

Even if we were to consider her argument, it would fail to persuade us. A claimant's "[p]ast relevant work" includes jobs performed "within the past 15 years" of the date last insured in disability-insurance-benefits case and the date of the ALJ's decision in supplemental-security-income cases. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1); SSR 82-62, 1982 WL 31386, at *2 (1982). Relying on the work-history report that Bacon submitted, which noted that she had worked as a customer service representative between December 1999 and September 2006, the ALJ determined that this job constituted past relevant work. Before us, however, Bacon claims that reports of

5

her past income show that she stopped performing this job in 2004.  The lack of reported earnings from her previous employer from 2005 onwards suggests that she did not perform this job beyond 2004.  Even so, the ALJ's finding still stands because the record provides "more than a mere scintilla" of evidence that she performed this job within fifteen years of the date she was last insured—March 31, 2018—and the date of the ALJ's decision—September 10, 2019.[5]  *Biestek*, 139 S. Ct. at 1154 (citation omitted).

Lastly, Bacon argues that the ALJ erred by failing to consider and apply the medical-vocational guidelines, also known as "grid rules."  *See Butts v. Barnhart*, 388 F.3d 377, 381 (2d Cir. 2004).  The ALJ, however, had no occasion to consider these guidelines because the analysis never proceeded beyond step four.  *See* 20 C.F.R. §§ 404.1569, 416.969 (explaining that the ALJ "appl[ies] [grid rules] in cases where a person is not doing substantial gainful activity and is prevented by a severe medically determinable impairment from doing vocationally relevant past work").  Because the ALJ permissibly ended his analysis at step four after determining that Bacon was not disabled, *see id.* §§ 404.1520(a)(4), 416.920(a)(4), he did not err by declining to consider or apply the medical-vocational guidelines.

At bottom, despite Bacon's arguments to the contrary, we discern no error in the ALJ's analysis.  And so, we conclude that substantial evidence supported the ALJ's

---

[5] Bacon contends that the fact her earnings declined between 2003 and 2004 shows that she did not work in that position for the entirety of 2004, but the fact that her earnings steadily decreased each year between 2001 and 2004 casts doubt on this inference.  Accordingly, the record contains no evidence that suggests that she stopped working as a customer service representative before September 2004.

6

finding that Bacon could perform her past work as a customer service representative and was therefore not disabled.

III.

For these reasons, we will affirm the District Court's order.