23-7816-cv
Vasquez v. King

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-five.

PRESENT:  ROBERT D. SACK,
              GERARD E. LYNCH,
              RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.

------------------------------------------------------------------

ANDY VASQUEZ,

          *Plaintiff-Appellant*,

     v.                                                     No. 23-7816-cv

MICHELLE KING, ACTING COMMISSIONER
OF SOCIAL SECURITY,

          *Defendant-Appellee.**

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT: Max D. Leifer, Max Leifer P.C., New York, NY

FOR APPELLEES: Leslie A. Ramirez-Fisher, Christopher Connolly, Assistant United States Attorneys, *for* Danielle R. Sassoon, Acting United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Gary R. Jones, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Andy Vasquez appeals from a judgment of the United States District Court for the Southern District of New York (Jones, *M.J.*) that affirmed the decision of the Commissioner of Social Security denying Vasquez's application for disability insurance benefits under Title II of the Social Security Act (SSA), 42 U.S.C. § 401, *et seq*. On appeal, Vasquez principally challenges the determination of the Administrative Law Judge (ALJ) that he was not disabled within the meaning of the SSA. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as

2

necessary to explain our decision to affirm.

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (quotation marks omitted). We review the administrative record "to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (quotation marks omitted); *see* 42 U.S.C. §§ 405(g), 1383(c)(3). Under the substantial evidence standard, "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quotation marks omitted).

Vasquez first argues that the ALJ's determination that his impairments did not meet or equal any of the severe medical impairments listed in the Social Security regulations was not supported by substantial evidence. We disagree. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Alternatively, to qualify for benefits by showing that an unlisted impairment or

3

combination of impairments "is equivalent to a listed impairment," a claimant "must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Brown v. Apfel*, 174 F.3d 59, 64 (2d Cir. 1999) (quotation marks omitted). Here, Vasquez has failed to identify any medical findings stating that his impairments meet or equal a listed impairment, or even the listed impairments he believes his impairments equal. Contrary to Vasquez's assertion, the ALJ carefully considered the listings, including for musculoskeletal disorders and asthma, and based his conclusion on the absence of any documented medical findings or opinions that Vasquez's impairments, either singly or in combination, equaled the criteria of any listed impairment.

Vasquez next contends that the ALJ erred in determining that Vasquez retained the residual functional capacity, or RFC, to perform light work with some limitations. We are not persuaded. Although a treating physician's opinion is afforded deference, the ALJ may decline to give it controlling weight when the opinion is inconsistent with other substantial evidence in the record. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). Here, the ALJ properly declined to give controlling weight to Dr. Ruth Johnson's opinion that Vasquez was totally and permanently disabled both because such a finding is reserved for

4

the Commissioner, *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999), and because the opinion was inconsistent with Dr. Johnson's own treatment notes showing basically normal examination findings. The ALJ also reasonably discounted the opinion of Vasquez's treating chiropractor, Dr. Walter Cesarski, because it conflicted with other record evidence and because Dr. Cesarski failed to provide treatment records despite multiple requests. *See id*. The ALJ's decision to credit the opinions of consultative examiners that Vasquez retained the RFC to perform light work was supported by the examination findings of those examiners and consistent with the overall record.

Vasquez further contends that the ALJ erred by not properly considering his subjective complaints of pain. We disagree. Although the ALJ found that Vasquez's medically determinable impairments could reasonably be expected to cause the alleged symptoms, the ALJ discounted Vasquez's statements concerning the intensity, persistence, and limiting effects of these symptoms because they were inconsistent with the treatment record, the medical opinion evidence, and Vasquez's own reported activities of daily living. *See Genier v. Astrue*, 606 F.3d 46, 50 (2d Cir. 2010).

Vasquez also argues that the ALJ violated his due process rights by

limiting his counsel's cross-examination of the vocational expert. But Vasquez fails to demonstrate how the ALJ's request that counsel frame questions in vocational rather than medical terms undermined the inquisitorial nature of the proceedings. *See Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004). Counsel was still able to elicit testimony about Vasquez's functional limitations and their impact on his ability to work. And in any event, Vasquez has failed to establish any prejudice that could be remedied through further cross-examination on remand.

Finally, Vasquez maintains that the Commissioner failed to sustain the burden of proving the existence of alternative jobs in the national economy that Vasquez is capable of performing. We disagree. Vocational expert testimony can constitute substantial evidence to meet the Commissioner's burden. *Bapp v. Bowen*, 802 F.2d 601, 604–06 (2d Cir. 1986). Here, the ALJ properly relied upon the vocational expert's testimony to conclude that there were jobs that existed in significant numbers that Vasquez could have performed, and Vasquez points to nothing in the record that undermines the expert's testimony or the ALJ's conclusion. *See Dumas v. Schweiker*, 712 F.2d 1545, 1553–54 (2d Cir. 1983).

We have considered Vasquez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court