*Ramos v. Comm'r of Soc. Sec.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges,*
> STEFAN R. UNDERHILL,
> *District Judge.**

---

JULIA RAMOS,

> *Plaintiff-Appellant*,

v.                                                                24-2420

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*†

---

FOR PLAINTIFF-APPELLANT:                    CHRISTOPHER JAMES BOWES, Shoreham, NY.

---

\* Judge Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

† The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANT-APPELLEE:                    MOLLY E. CARTER, Special Assistant United
                                           States Attorney (*with* Avni Gandhi, Special
                                           Assistant United States Attorney; Suzanne
                                           M. Haynes, Acting Associate General
                                           Counsel, Office of the General Counsel,
                                           Social Security Administration *on the brief*)
                                           *for* Matthew Podolsky, Acting United States
                                           Attorney for the Southern District of New
                                           York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cott, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Julia Ramos filed a complaint in the district court challenging the denial of her claim for Social Security Disability benefits and Supplemental Security Income by an Administrative Law Judge ("ALJ").    The district court granted judgment on the pleadings to the Commissioner of Social Security, finding that the ALJ's decision was supported by substantial evidence and applied the correct legal standards.    We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Ramos's appeal requires us to "conduct a plenary review of the administrative record to determine if there is substantial evidence . . . to support the [ALJ's] decision and if the correct legal standards have been applied."    *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (quotation marks omitted).    Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."    *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quotation marks omitted).    When a plaintiff challenges "a district court's determination of

whether to remand for further proceedings" in light of new evidence, we review for "abuse of discretion."  *Butts v. Barnhart*, 388 F.3d 377, 384-85 (2d Cir. 2004).

First, Ramos argues that the ALJ's findings overlooked facts in the record, including her long COVID diagnosis and need to take daytime naps.   We disagree.   The ALJ acknowledged Ramos's physical and mental impairments, but it concluded that those limitations did not prevent her from performing simple tasks.   The ALJ pointed to Ramos's neurological evaluation, as well as her ability to cook simple meals and take care of her two-year-old son.   This was evidence that "a reasonable mind might accept as adequate" to support the ALJ's conclusion.   *Biestek*, 587 U.S. at 103 (quotation marks omitted).

Second, Ramos argues that the ALJ did not fulfill its obligation to "develop [her] complete medical history," 42 U.S.C. § 423(d)(5)(B), because the ALJ did not seek a medical opinion from her doctors.   But an ALJ is not required to obtain a medical opinion when, as here, such an opinion is not part of "the records of [the claimant's] medical source(s)."   20 C.F.R. § 404.1512(b)(1)(ii); *see also Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." (quotation marks omitted)).

Finally, Ramos argues that the district court should have remanded in light of new evidence about her metabolic and neurocognitive functioning.   But the district court did not abuse its discretion in concluding that this new evidence did not speak to Ramos's abilities during the relevant period because it was either inconclusive or inconsistent with medical tests from that period.

We have considered Ramos's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4