24-3051-cv
*Talyosef v. Comm'r of Soc. Sec.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty-six.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

Caryn Talyosef,

> *Plaintiff-Appellant,*

> v.                                        24-3051

Commissioner of Social Security,

> *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**                    Caryn Talyosef, pro se, Norwich, CT.

**FOR DEFENDANT-APPELLEE:**                    Fergus Kaiser, Special Assistant U.S. Attorney, Baltimore, MD (Suzanne M. Haynes, Acting Associate General Counsel, *on the brief*), Social Security Administration, *for* Marc H. Silverman, Acting United States Attorney for the District of Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Spector, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Caryn Talyosef appeals from the district court's judgment that reversed the Commissioner of Social Security's denial of her claim for disability benefits and remanded the matter to the agency for a rehearing pursuant to sentence four of section 405(g) of the Social Security Act (42 U.S.C. § 405(g)). A magistrate judge, presiding in the district court for all purposes on the parties' consent, granted the Commissioner's motion to vacate and remand for further administrative proceedings, while denying Talyosef's motion to reverse and remand for the calculation of benefits.

This Court reviews district court remands pursuant to the fourth sentence of

§ 405(g) for abuse of discretion. *Butts v. Barnhart*, 388 F.3d 377, 384–85 (2d Cir. 2004). The fourth sentence of § 405(g) of the Social Security Act permits district courts to affirm, reverse, or modify a decision of the Commissioner "with or without remanding the cause for a rehearing." 42 U.S.C § 405(g). A remand for a rehearing is proper "when 'further findings would so plainly help to assure the proper disposition of [the] claim.'" *Butts*, 388 F.3d at 385 (quoting *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999)).

Here, we perceive no abuse of discretion in the district court's decision to reverse the Commissioner's denial of benefits and order a remand pursuant to sentence four of § 405(g). The district court's decision identified an inconsistency in the administrative record: both the administrative law judge and the vocational expert who testified at Talyosef's hearing, when concluding that Talyosef had the residual functional capacity to perform certain existing jobs in the national economy, appeared to assume that she could perform jobs requiring her to occasionally lift up to ten pounds, despite evidence indicating she was limited to occasionally lifting only five pounds. A remand to correct this error is within the range of permissible decisions, and thus not an abuse of discretion. *See, e.g.*, *Butts*, 388 F.3d at 379 (affirming § 405(g) sentence four remand "to determine whether adequate jobs exist in the national economy that Butts could perform"); *Schaal v. Apfel*, 134 F.3d 496, 498 (2d Cir. 1998) (affirming sentence four remand because, among other reasons, "it is not clear what legal standard the [ALJ] applied in weighing the

medical opinion of plaintiff's treating physician").

We have considered Talyosef's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court