20-1109-cv
*Holler v. Saul*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-one.

PRESENT:  JOHN M. WALKER, JR.,
                    PIERRE N. LEVAL,
                    DENNY CHIN,
                              *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RICHARD HOLLER,
                              *Plaintiff-Appellant,*

             -v-                                                    20-1109-cv

ANDREW M. SAUL, COMMISSIONER OF SOCIAL
SECURITY,
                              *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        CHRISTOPHER JAMES BOWES, Shoreham,
                                                     New York.

FOR DEFENDANT-APPELLEE:  VERNON NORWOOD, Special Assistant United States Attorney (Ellen E. Sovern, Regional Chief Counsel, Office of the General Counsel of the Social Security Administration, *on the brief*), *for* Antoinette T. Bacon, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Richard Holler appeals from a judgment of the district court entered January 29, 2020, affirming a decision of defendant-appellee Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), denying Holler's claim for disability insurance benefits based on his bipolar disorder, anxiety, and Type 2 diabetes. The district court explained its reasoning in a memorandum decision and order entered the same date. On appeal, Holler argues that the Administrative Law Judge (the "ALJ") erred in denying him Social Security Income benefits (1) because the ALJ did not give proper consideration to Holler's treating physicians' opinions, and thus the ALJ's disability determination was not supported by substantial evidence, and (2) by adopting a vocational expert's testimony that Holler could perform work that exists in significant numbers in the national economy. We

2

assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

When reviewing a benefits determination by the Commissioner, we conduct a *de novo* review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted).

Holler argues that the ALJ "improperly discounted the well-supported opinions of Mr. Holler's treating psychologist, Dr. James [Thalmann],[1] treating psychiatrist, Dr. Gina Perez, and the consultative physician, Dr. Lauren Stack." Holler Br. at 36. We disagree.

First, for substantially the reasons set forth by the district court, we conclude that the ALJ did not err in affording Dr. Thalmann's opinions "some weight," but not controlling weight. CAR at 22. Some of Dr. Thalmann's opinions were unsupported by any treatment notes or explanation, *see* CAR at 341 (checking a box that Holler has "Limited" ability to sustain concentration and persistence without providing

---

[1] The Certified Administrative Record ("CAR") is inconsistent as to the spelling of Dr. Thalmann's name, but the doctor signs his name as "Thalmann," CAR at 339, so that is the spelling we use here.

the requested explanation), and others were contradicted by Dr. Thalmann's own previous treatment notes as well as other evidence in the record, *compare* CAR at 340 (Dr. Thalmann describing Holler's mood as "hypo sensual," "active," and "euphoric [to] dysphoric" without providing additional details despite question asking for examples), *with* CAR at 650, 652-57, 659-60 (Dr. Thalmann describing Holler's mood on numerous occasions as "stable," "euthymic," "balanced" and/or "optimistic"), *and* CAR at 382 (Dr. Stack describing Holler's mood as "Euthymic").  After carefully considering all of the evidence, the ALJ was correct to afford some, but not controlling, weight to Dr. Thalmann's opinions.  *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (explaining that ALJs need not afford "controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts" or where the treating physician's conclusions are "not particularly informative").

On this point, Holler also argues that the ALJ was required to "explicitly" discuss "the relevant factors set forth in the treating physician regulations" before "assign[ing] less than controlling weight to [Dr. Thalmann's] opinion."  Holler Reply Br. at 2-3 (citing *Estrella*, 925 F.3d at 95).  Indeed, in *Estrella*, we held that when determining how much weight to give a treating physician's medical opinion, an ALJ commits procedural error when it fails to "explicitly" consider "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3)

4

the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella*, 925 F.3d at 95-96 (internal quotation marks and alteration omitted). But we also explained that so long as the ALJ "provided good reasons for its weight assignment," and "a searching review of the record assures us that the substance of the treating physician rule was not traversed, we will affirm." *Id.* at 96 (internal quotation marks and alteration omitted). Here, as a threshold matter, the ALJ discussed the first three factors listed above. In any event, where, as here, the ALJ provided a detailed explanation for her decision to give less than controlling weight to a treating physician's opinions, which we can easily understand from a review of the CAR, the ALJ's failure to explicitly discuss each of the four factors described above is not *per se* reversible error.

Second, Holler argues that the ALJ failed to specifically address Dr. Perez's opinions, but the ALJ reviewed and summarized the treatment notes from The Institute of Family Health, where Plaintiff was treated by several practitioners, including Dr. Perez. In any event, "[w]hen, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that [the ALJ] have mentioned every item of testimony presented" or "explain[] why [s]he considered particular evidence unpersuasive or insufficient." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983).

5

Finally, we disagree with Holler's assertion that the ALJ discounted the opinions of Dr. Stack. To the contrary, the ALJ gave "Dr. Stack's opinions great weight," CAR at 23, and the ALJ's residual functional capacity ("RFC") finding explicitly incorporated Dr. Stack's opinions.

Accordingly, we conclude that the ALJ did not err in weighing the evidence, and we thus affirm the ALJ's RFC determination as supported by substantial evidence. And because we conclude that substantial record evidence supports the RFC finding, we necessarily reject Holler's vocational expert challenge. *See generally Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (noting that Commissioner may rely on testimony of vocational expert). To the extent Holler continues to press that the hypothetical presented to the vocational expert should have specifically accounted for Holler's moderate non-exertional limitations, even if the ALJ's omission was error, it is harmless error. *See McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014).

\* \* \*

We have considered Holler's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6