20-2961-cv
Talyosef v. Saul

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> DENNIS JACOBS,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

---

Caryn Talyosef,

> *Plaintiff-Appellant,*

> v.                                                                    20-2961

Andrew M. Saul, Acting Commissioner of Social Security,

> *Defendant-Appellee.*[1]

---

FOR PLAINTIFF-APPELLANT:          Caryn Talyosef, pro se, Norwich, CT.

FOR DEFENDANT-APPELLEE:           Catherine Zurbrugg, Special Assistant

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

United States Attorney, *for* John H. Durham, United States Attorney for the District of Connecticut; Ellen E. Sovern, Regional Chief Counsel – Region II, Office of the General Counsel, Social Security Administration, New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Caryn Talyosef ("Talyosef"), proceeding pro se, appeals from a June 9, 2020 order denying Talyosef's motion to alter or amend the district court's judgment, which granted the motion of the Commissioner of Social Security ("Commissioner") for a partial remand pursuant to sentence four of § 405(g) of the Social Security Act ("SSA"). The district court held that substantial evidence supported the administrative law judge's ("ALJ") decision that Talyosef had a residual functional capacity ("RFC") of light work with limitations, but also determined that remand was appropriate for further consideration of the available jobs in the local or national economies that Talyosef could perform. Talyosef asserts that the district court should have instead remanded to the Social Security Administration for the calculation of disability benefits. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The fourth sentence of § 405(g) of the SSA permits district courts to affirm, reverse, or modify a decision of the Commissioner "with or without remanding the cause for a rehearing." 42 U.S.C § 405(g). We review remands pursuant to the fourth sentence of § 405(g) for abuse of

2

discretion.  *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004).  A remand for a rehearing is proper "when 'further findings would so plainly help to assure the proper disposition of [the] claim.'"  *Id.* (quoting *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999)).  When the district court upholds a decision of the Commissioner, we conduct a de novo review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)).  The substantial evidence standard means that "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).  We review motions to alter or amend the judgment under Federal Rule of Civil Procedure 59 for abuse of discretion.  *See Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

Upon such review, we affirm for substantially the same reasons as the district court.  We agree with the district court that the ALJ applied the correct legal standards, and that substantial evidence from the medical records supported the ALJ's determination that Talyosef had an RFC of light work with limitations.  As the district court determined, the evidence showed that Talyosef's superior mesenteric artery syndrome was not a severe impairment, her orthopedic conditions did not meet the definition of any listed impairment, and she was capable of performing light work with certain limitations.  To the extent that Talyosef asserts that the record before the ALJ was inadequately developed, the "ALJ [was] under no obligation to seek additional information in advance of rejecting [Talyosef's] benefits claim," where there were no "obvious gaps in the administrative record, and where the ALJ already possesse[d] a complete medical

3

history." *Rosa*, 168 F.3d at 79 n.5 (internal quotation marks omitted). Further, Talyosef has not demonstrated that any "new evidence" would be "material"—because the evidence she proffers either pre-dates or post-dates the period at issue in this proceeding—or that there was "good cause for [her] failure to incorporate such evidence into the record in a prior proceeding." *Tirado v. Bowen*, 842 F.2d 595, 597 (1988).[2] Because remand is therefore unwarranted on steps three and four of the ALJ's evaluation process, the district court did not abuse its discretion by remanding, at the request of the Commissioner, on only the limited issue of whether there is available work in the local and national economics that Talyosef can perform.

*   *   *

We have considered Talyosef's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and order denying Talyosef's Rule 59 motion for reconsideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] For this same reason, we deny Talyosef's motion to stay the appeal and supplement the record on appeal. *See Tirado*, 842 F.2d at 597.

4